UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS J. O'ROURKE,
CAROL D. O'ROURKE,

                      Appellants,

                                                    <u>DECISION AND ORDER</u>

                                                    06-CV-6439L

                      v.

UNITED STATES OF AMERICA,
Internal Revenue Service,

                      Appellee.
_____

       This is an appeal from a decision of United States Bankruptcy Judge John C. Ninfo, II. In that decision and order, Judge Ninfo denied an objection to a claim filed by the Internal Revenue Service ("IRS") on the debtors' 1999 personal income tax return. The debtors, Thomas J. and Carol D. O'Rourke ("the O'Rourkes") allege that they never received a Notice of Deficiency for the tax amount due from the IRS. Accordingly, they assert that the claim in Bankruptcy Court is untimely and must be dismissed.

       In a thorough, nine-page decision dated July 28, 2006 (Dkt. #1-2), Judge Ninfo discussed the facts, the applicable presumptions and the law on the issue and denied the O'Rourkes' objection to the claim of the IRS for the tax deficiency.

       The O'Rourkes duly appealed from that decision. Both sides submitted legal memoranda and the Court heard oral argument from the attorneys for the parties. I have considered all these

matters and determine that the decision of Judge Ninfo appealed from is hereby affirmed in all respects.

Some matters are not in dispute. One of the debtors, Carol O'Rourke, won one million dollars in the New York State Lottery in 1998. The prize was not a lump sum payment, but entitled O'Rourke to quarterly payments over several years. She apparently sold and discounted the right to periodic payments, in exchange for a lump sum of $454,500 from a finance company. There was a tax issue facing the debtors, and eventually the IRS, as to how to treat that payment. The debtors reported it on their tax returns as a capital gain, but after an audit, the IRS determined that it should have been reported as ordinary income, and assessed the O'Rourkes with additional tax liability of $78,000 plus interest and penalties for a total of $110,330. It was this total amount, $110,330, that was filed as a claim in the debtors' bankruptcy proceeding.

The debtors did not challenge the amount before the Bankruptcy Court, but objected to the entire IRS' proof of claim on the procedural grounds that the IRS had failed to serve a timely Notice of Deficiency, as required by Section 6212 of the Internal Revenue Code. The IRS, however, claimed that there is documentary proof that the Notice of Deficiency was sent and urges that, whether it was received or not, the IRS is entitled to the presumption of regularity, that properly mailed documents are received. *See e.g. Osele v. United States A.G.*, 190 Fed. Appx. 96, 97 (2d Cir. 2006) (a "properly addressed piece of mail placed in the care of the Postal Service is presumed to have been delivered"); *Hoffenberg v. C.I.R.*, 905 F.2d 665, 666 (2d Cir. 1990) (same).

The standard of review before this Court is limited as to factual matters. Insofar as it relates to facts, the appeal to this Court is not *de novo* but rather the district court reviews the bankruptcy

court's factual findings under a clearly erroneous standard. *See Kuhl v. United States,* 467 F.3d 145, 147 (2d Cir. 2006). On that score, the debtors have failed to convince me that Judge Ninfo's decision was clearly erroneous concerning his determination on the facts that the Notice of Deficiency was mailed.

The Bankruptcy Judge listed several factors, including receipt of a partial copy of the Notice of Deficiency with the correct addresses of the debtors thereon, certified mailing numbers which appeared on both the copy of the deficiency and the certified mail log, and the Postal Service's stamp on the mail log, indicating its receipt of that item. Judge Ninfo concluded that those facts warranted his finding and determination that the Notice of Deficiency was in fact properly sent, and he duly rejected the debtors' objection. I agree with his conclusion.

I find no basis to modify or reverse Judge Ninfo's decision. The Government's brief before this Court (Dkt. #13) sets out with precision an accurate summary of the facts and the law in this area, and I find those arguments to be compelling and fully supportive of Judge Ninfo's findings.

## CONCLUSION

The Decision and Order of United States Bankruptcy Judge John C. Ninfo, II (Dkt. #1) is affirmed and the IRS claim against the debtors filed in Bankruptcy Court is allowed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        October 27, 2008.